UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA AUBERT,
*f.k.a.* Tonya Mallett-Rathell,

    Plaintiff,

Case No. 2:15-cv-10703
Magistrate Judge Anthony P. Patti

v.

RUSSELL COLLECTION
AGENCY, INC.,

    Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION UNDER FED. R. CIV. P. 52(C) FOR JUDGMENT ON PARTIAL FINDINGS**

**I. OPINION[1]**

 **A. At the close of Plaintiff's proofs, Defendant made an oral motion under Fed. R. Civ. P. 52(c) for judgment on partial findings.**

The parties appeared for trial on August 19, 2016. Currently before the Court is Defendant's same-day, oral motion under Fed. R. Civ. P. 52(c) for judgment on partial findings. This rule specifically provides:

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable

---

[1] The parties have consented to my authority to conduct all proceedings in this case. (DEs 6 & 8.) Accordingly, Judge Lawson referred this case to me for all proceedings and the entry of final judgment. (DE 9.)

> finding on that issue.  The court may, however, decline to render any judgment until the close of the evidence.  A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Fed. R. Civ. P. 52(c).  "In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately.  The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court.  Judgment must be entered under Rule 58."  Fed. R. Civ. P. 52(a)(1).

>   **B.   The Court's findings and conclusions mandate that Defendant's Rule 52(c) motion be granted.**
>
>      **1.   There is no private cause of action under 15 U.S.C. § 1681s-2(a) ("Duty of furnishers of information to provide accurate information").**

As the Court pointed out on the record, Plaintiff's complaint seeks relief for alleged violations of the Fair Credit Reporting Act (FCRA) under 15 U.S.C. § 1681s-2(a), while further referencing duties arising under 15 U.S.C. § 1681s-2(b). (*See* DE 1 at 5-7.)[2]  To the extent Plaintiff seeks relief under Subsection (a), she

---

[2] Although Plaintiff's complaint actually refers to Sections 623(a)(1) and 623(a)(2), Section 623 is analogous to 15 U.S.C. § 1681s-2.  *See* <u>Yaldu v. Bank of Am. Corp.</u>, 700 F. Supp. 2d 832, 842 (E.D. Mich. 2010) ("Subsection (b) of section 623 imposes upon data furnishers the duty to conduct investigations and promptly report and correct inaccurate information upon the notice of dispute.") (citing 15 U.S.C. § 1681s–2(b)); *see also* <u>Ethridge v. Countrywide Home Loans, Inc.</u>, No. 12-

2

cannot do so. "There can be no doubt that the duties imposed by 15 U.S.C. § 1681s-2(a) can only be enforced by government agencies and officials." *Yaldu*, 700 F.Supp.2d 832, 842 (referencing 15 U.S.C. §§ 1681s-2(c),(d)). Therefore, "no private right of action exists under subsection (a)." *Yaldu*, 700 F.Supp.2d at 842.

> **2.    Although the Sixth Circuit has recognized a private cause of action under 15 U.S.C. § 1681s-2(b) ("Duties of furnishers of information upon notice of dispute"), Plaintiff has failed to establish a violation of the same.**

On the other hand, it is possible for a private party to bring a claim under 15 U.S.C. § 1691s-2(b). As the Sixth Circuit has stated, the FCRA "unquestionably creates a private right of action." *Boggio v. USAA Federal Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012) (citing 15 U.S.C. §§ 1681n, 1681o). "[C]onsumers . . . may file actions pursuant to §§ 1681n and 1681o claiming that furnishers of information have violated § 1681s-2(b)." *Boggio*, 696 F.3d at 616; *see also Bach v. First Union National Bank*, 2005 F.App'x 354, 358-359 (6th Cir. 2005).

However, to the extent Plaintiff seeks relief under 15 U.S.C. §§ 1681s-2(b) – or even if the Court permitted Plaintiff to amend her complaint to claim relief

---

CV-10705, 2012 WL 5389694, at *5 (E.D. Mich. Oct. 16, 2012), <u>report and recommendation adopted</u>, No. 12-10705, 2012 WL 5389343 (E.D. Mich. Nov. 2, 2012), <u>Geiling v. Wirt Fin. Servs., Inc.</u>, No. 14-11027, 2014 WL 8473822, at *51 (E.D. Mich. Dec. 31, 2014), <u>report and recommendation adopted in part</u>, No. 14-CV-11027, 2015 WL 1529866 (E.D. Mich. Mar. 31, 2015). Moreover, Plaintiff's trial brief states, in part: "All of Plaintiff's claim are under § 1681s-2(b) of the FCRA . . . ." (DE 19 at 5.) Therefore, this order refers only to Section 1681s-2.

under that subsection - Plaintiff has failed to establish a violation of 15 U.S.C. § 1681s-2(b)(1) on the trial proofs that she submitted to the Court. Plaintiff has provided no evidence of whether Defendant conducted "an investigation with respect to the disputed information[,]" Subsection (b)(1)(A);[3] whether Defendant reviewed "all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) . . . [,]" Subsection (b)(1)(B); or whether Defendant reported "the results of the investigation to the consumer reporting agency . . .[,]" Subsection (b)(1)(C). In fact, Plaintiff has failed to provide admissible evidence tending to demonstrate that Defendant failed to fulfill *any* of its statutory duties under Subsection (b)(1). In the light most favorable to her, Plaintiff's very limited proofs have, at best, demonstrated only that she gave notice to Defendant in August 2014 that she disputed the accounts at issue and had paid the debts reflected thereby; however, these proofs tell the Court nothing about what Defendant did or did not do with that information, and, if the information was conveyed to anyone, when this occurred. Nor do these limited proofs explain why non-party Credit Reporting Agencies (CRAs) continued to report delinquencies for

---

[3] During her closing statement, Plaintiff relied upon Exhibit E – the September 11, 2014 letter from Defendant – to essentially "infer" that Defendant did not perform a "higher level of investigation." I do not find this to be a reasonable inference on the face of the document itself. Instead, the phrase "regarding your demand for verification" and similar verbiage noted on the record clearly invoke 15 U.S.C. § 1692g ("Validation of debts") of the Fair Debt Collection Practices Act (FDCPA), a statute which is not at issue here. *See* 15 U.S.C. §§ 1692-1692p.

varying lengths of time. Even if Plaintiff had established that Defendant received a 15 U.S.C. § 1681i(a)(2) notice in August 2014, she would still need to establish what Defendant did or did not do, as required by Subsections (b)(1)(A)-(E).[4]

Finally, Plaintiff's testimony represented that she only knows the end conclusion, not what actually occurred or got communicated between Defendant and its upstream client (Southfield Radiology) or between Defendant and the downstream CRAs. The law does not permit the Court to speculate about what happened. It requires more.

## II.  ORDER

For the reasons stated on the record, which are hereby incorporated by this reference as though fully restated herein, and consistent with the foregoing discussion, Defendant's motion under Fed. R. Civ. P. 52(c) for judgment on partial findings is **GRANTED**.  To conclude otherwise would impermissibly shift the

---

[4] As I stated on the record, it is entirely possible that non-party CRAs may have reported inaccurately, for reasons which have not been demonstrated by Plaintiff's trial proofs. For example, I note Plaintiff's testimony or argument that the account was paid in full as of August 13, 2014, but was still reported delinquent by Experian until October 2014 and by Equifax until June 25, 2016. Why it was reported as owing by one CRA and not by the other remains a mystery, although Experian's corrected reporting as early as October 2014 leads to an inference that Defendant did, in fact, report the debt as paid in full to one or more of the CRAs at least by then, if not earlier.

burden of proof to the Defendant.[5]  A judgment under Fed. R. Civ. P. 58, finding in favor of Defendant, will issue under separate cover.

**IT IS SO ORDERED**.


**Dated**: August 23, 2016            s/Anthony P. Patti
                                      ANTHONY P. PATTI
                                      UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 23, 2016, electronically and/or by U.S. Mail.

                                      s/Michael Williams
                                      Case Manager for the
                                      Honorable Anthony P. Patti

---

[5] "The burden of proof on a claim under the Fair Credit Reporting Act (FCRA) is on the plaintiff . . . ." 21 C.J.S. Credit Reporting Agencies § 26.