UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA AUBERT,
*f.k.a.* Tonya Mallett-Rathell,

              Plaintiff,

v.

RUSSELL COLLECTION
AGENCY, INC.,

              Defendant.

              Case No. 2:15-cv-10703
              Magistrate Judge Anthony P. Patti

_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S DECEMBER 22, 2016 MOTION FOR TRANSCRIPT AT GOVERNMENT EXPENSE (DE 31)

Following an August 19, 2016 bench trial, I entered an opinion and order granting Defendant's motion under Fed. R. Civ. P. 52(c) for judgment on partial findings and a judgment in favor of Defendant and against Plaintiff. (DEs 21 & 22.) On August 24, 2016, the day after judgment was entered, Plaintiff filed a motion for reconsideration, which the Court denied on September 29, 2016. (DEs 23 & 25.)

It appears that Plaintiff intends to appeal this Court's August 23, 2016 order and judgment. (DE 26.) I have entered an order granting Plaintiff's application to proceed *in forma pauperis*. (DEs 24, 24-1, 27.) A copy of the notice of appeal has

been served upon the United States Court of Appeals for the Sixth Circuit.  (DE 24-2, 28, 29.)

Plaintiff now seeks transcription of the August 19, 2016 proceedings for purposes of her *in forma pauperis* appeal.  (DE 30).  In addition to her December 20, 2016 transcript order, she has filed a December 22, 2016 motion for transcript at government expense, explaining that:  (a) she "do[es] not have the ability to pay[,]" (b) her appeal "is not frivolous[,]" and (c) her appeal "presents a substantial question."  (DE 31.)  Although she does not cite a particular statute for her request, the Court assumes that Plaintiff is relying upon 28 U.S.C. § 753 ("Reporters"), Subsection (f) of which provides, in part, that:  "Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."

Upon consideration, Plaintiff's motion (DE 31) is **DENIED WITHOUT PREJUDICE**, as bases on which she intends to appeal the Court's August 23, 2016 order and judgment (DE 21, DE 22) are unclear.  As at least one court has explained, the 28 U.S.C. § 1915 and Fed. R. App. P. 24 standards applied to a request to proceed *in forma pauperis* on appeal are distinct from the 28 U.S.C. § 753(f) standard applied to a request for a trial transcript at government expense:

> An appeal may not be frivolous under the "good faith" test of Section 1915 and Rule 24 "good faith", and yet may be frivolous as not

2

presenting a "substantial question" for the purposes of Section 753(f). "An appeal not taken in 'good faith' as described in s 1915(a) is not the same as a 'frivolous' appeal, for bad faith imports a consciousness of frivolity as distinct from frivolity, simpliciter." *Jaffe v. United States*, 246 F.2d 760, 761 (2d Cir. 1957) (Hand, J.).

Moreover, to equate the requirements for certification of an In forma pauperis appeal with those for certification of an application for a free trial transcript would render the language of Section 753(f) superfluous and meaningless. Rule 753(f) contemplates that the appeal already has been certified In forma pauperis and authorizes determination at that point of whether a free trial transcript is warranted on the ground that "the appeal is not frivolous (but presents a substantial question)."

*Linden v. Harper & Row Inc.*, 467 F. Supp. 556, 558 (S.D.N.Y. 1979); *see also Shavers v. Bergh*, 516 F. App'x 568, 572 (6th Cir. 2013) ("Although the district court granted Shavers pauper status for appeal, it did not certify that the appeal is not frivolous or presents a substantial question. . . . Shavers's motions for free transcripts were properly denied."). Even looking back to Plaintiff's September 28, 2016 motion to appeal *in forma pauperis* (DE 24-1), it is too vague. Therefore, the Court is currently unable to assess whether Plaintiff's appeal is "not frivolous" but presents a "substantial question."

**IT IS SO ORDERED**.

Dated:

January 20, 2017

ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

3